# EX PARTE VICENTE GORDERO.

Ponce, Habeas Corpus.

PROHIBITION.

Prohibition—Eighteenth Amendment and Volstead Act in Porto Rico.
    1. Both the 18th Amendment to the Constitution of the United States and the Act of Congress passed in 1920, commonly known as the Volstead Act, are in force in the Island of Porto Rico.

Habeas Corpus—None after Conviction.
    2. After conviction of a person charged with violating the national prohibitory law, and such conviction is followed by a fine, which the convicted party refuses to pay, it is the duty of the marshal to place such party in jail and a writ of habeas corpus will not lie.

Opinion filed April 19, 1922.

ODLIN, Judge, delivered the following opinion:

After due notice to the assistant United States attorney, there came on for hearing and argument this day a petition for a writ of habeas corpus, duly verified, on behalf of Vicente Gordero, the latter also being present in court, brought from the Ponce jail, where said petitioner is now confined for failure to pay a fine of five hundred ($500) dollars and costs, imposed by this court on the 12th day of April, 1922, after a verdict by the jury of "guilty," following the trial of the said petitioner, based upon an information for violation of the National Prohibitory Act, commonly known as the Volstead law.

Ex parte Gordero.

The petition is based upon a claim that the petitioner is deprived of his liberty in violation of law and in violation of the Constitution of the United States. It is claimed by counsel for the petitioner that the information itself is null and void and, likewise, subsequent proceedings, because the petitioner alleges that the 18th Amendment to the Constitution of the United States is not in force in Porto Rico and it is not applicable in Porto Rico. It is also claimed that the act of Congress, known as the Volstead Act, is not in force in Porto Rico.

In support of this contention, counsel for the petitioner relies, in part, upon the case of Muratti v. Foote, District Judge, and also against the People of Porto Rico, which case was decided on July 13, 1917, by the supreme court of Porto Rico and is reported in volume 25, of the reports of said court, page 527.

This court does not deem it necessary to discuss at length this case last referred to, for the reason that there is a later decision of the supreme court of Porto Rico, being that of People v. Torres, decided on July 30, 1920, and reported in 28 P. R. R. 783. This was a case where Torres was convicted before the municipal court of the town of Lares, Porto Rico, for having sold certain rum in violation of article 2 of the Act of Congress, approved March 2, 1917, commonly known as the Jones Bill. The municipal court of Lares found Torres guilty, whereupon he appealed to the Insular district court of Aguadilla, Porto Rico, and this latter court found Torres guilty and imposed a penalty of five days in the municipal jail at Lares. A further appeal was taken before the supreme court of Porto Rico and this court, on July 30, 1920, revoked both decisions of the lower courts and ordered the discharge of Torres, specifically stating at the close of the opinion that the ruling of the

Ex parte Gordero.

supreme court of Porto Rico is not based upon any distinction between the different courts of this island, but is based solely upon the fact that the United States district court of Porto Rico alone has jurisdiction over an offense of this nature.

Counsel for the petitioner, further in his argument, relied upon the case of the People v. Balzac, which was decided by the supreme court of Porto Rico on March 4, 1920, reported in 28 P. R. R. 139. In this case Balzac had been prosecuted for a libel for which the penalty might have been as long as two years, but the sentence actually imposed upon him was four months. The section of the Penal Code of Porto Rico, under which Balzac was prosecuted, is described in the act itself as a misdemeanor. Balzac had demanded a jury trial, which was denied him. The supreme court of Porto Rico decided that this denial was correct, because under the act of criminal procedure governing the Insular courts of Porto Rico, a person accused of crime is entitled to a jury trial only in case of felony. After the conviction of Balzac had been affirmed by the supreme court of Porto Rico, as just set forth, Balzac appealed to the Supreme Court of the United States, and this highest court in the country has recently affirmed the conviction of Balzac in an opinion rendered by Chief Justice Taft [258 U. S. 298, 66 L. ed. 627, 42 Sup. Ct. Rep. 343], no complete copy of which has reached this Island, but this court has read an outline of said opinion. This court frankly admits that this court expected the decision of the Porto Rican Supreme Court, in the Balzac Case, to be reversed by the Supreme Court of the United States; nevertheless, this court is not satisfied that the ruling made by the Supreme Court of the United States in the Balzac Case requires this court to hold that the 18th Amendment and the Volstead

Ex parte Gordero.

Act are not applicable in Porto Rico. It is true that the Supreme Court of the United States has held that a man may be lawfully tried by an Insular court of Porto Rico, for a criminal offense, without a jury trial, notwithstanding the fact that if exactly the same crime were committed upon property of the national government, the accused would be entitled to a jury trial. This inconsistency is unfortunate. At the same time this court is in duty bound to keep in mind that the Amendment to the Constitution of the United States which was involved in the Balzac Case is the 6th Amendment, whereas the amendment to the Constitution of the United States involved in this present habeas corpus proceeding is the 18th Amendment. When we come to read the language of the 6th Amendment to the Constitution of the United States and compare it with the language used in the 18th Amendment to the Constitution of the United States, a very marked difference at once appears. Section 1 of the 18th Amendment specifically uses the phrase "And all territory subject to the jurisdiction thereof."

Of course, it is admitted by all of us that Porto Rico is not a fully incorporated territory of the United States; but there can be no question whatever as to Porto Rico being territory subject to the jurisdiction of the United States; therefore, the conclusion, to my mind, is irresistible that when the people of forty-six states out of forty-eight comprising the American nation adopted this 18th Amendment, they necessarily had in mind Porto Rico.

Now with respect to the argument that the Volstead Act itself is not applicable to Porto Rico. It is admitted that this Volstead Act is based upon the 18th Amendment. It is true that you do not find in the Volstead Act any specific mention

Ex parte Gordero.

of Porto Rico, but you do find § 28 providing that the Commissioner, his assistant, agents and inspectors, and all other officers of the United States whose duty it is to enforce criminal laws, shall have all the power and protection in the enforcement of this act or any provisions thereof, which are conferred by law, for the enforcement of existing laws relating to the manufacture or sale of intoxicating liquors under the law of the United States. It will not be denied that the district attorney of Porto Rico is an officer of the United States. It will not be denied that the judge who presides over this court is an officer of the United States. It will not be denied that part of their duty is to enforce criminal laws. Section 28 provides that officers shall have all the power in enforcing this Volstead Act which is conferred by law for the enforcement of the existing laws relating to the manufacture or sale of intoxicating liquors under the law of the United States. It, therefore, seems to me that if I were to grant this writ of habeas corpus, I would be disregarding § 28 of the Volstead Act, as well as the provisions of § 1 of the 18th Amendment.

This court also finds it extremely hard to understand why it is that if the Congress of the United States did not intend that the Volstead Act should apply to Porto Rico, they appropriated the large sum of $200,000 to be expended in Porto Rico for the purpose of enforcing the said law; and it is also difficult to understand why there have been appointed and are now serving in Porto Rico, officials whose sole duty it is to enforce this act, and whose salaries are paid out of the funds of the United States and no part thereof out of the funds of the people of Porto Rico.

It is undeniable that the question now presented is one of

very great importance. If the contention of counsel for the petitioner is correct it is indeed a very great pity that hundreds of citizens of the United States, residing in Porto Rico, have been punished by the United States district court when there never should have been any prosecutions instituted against them.

This court is rendering this decision promptly in the hope that counsel for the petitioner will at once carry the matter to the Supreme Court of the United States and have this question determined. This court will gladly request the Attorney General of the United States to ask the Supreme Court of the United States to advance the case for hearing. If the 18th Amendment and the Volstead Act are not lawful and actually in force in Porto Rico, it is certainly fair to all of us that we know it at once, or as soon as possible.

The prisoner is remanded to jail unless he shall give a bond satisfactory to this court in the sum of two thousand ($2,000) dollars, pending the appeal which counsel for the petitioner announces he intends to take.

Done and Ordered in open court, at Ponce, Porto Rico, in the presence of the petitioner and his counsel, and the Assistant United States Attorney, this 19th day of April, 1922.